## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GWYNNE E. JUDGE** | : | **CIVIL ACTION NO. 2:13-cv-0753** |
| | | **SECTION P** |
| | : | |
| **VERSUS** | | **JUDGE TRIMBLE** |
| | : | |
| **WARDEN, FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

## <u>REPORT AND RECOMMENDATION</u>

Before the court is the *pro se* petition for writ of habeas courpus filed in *forma pauperis* by plaintiff Gwynne E. Judge on April 8, 2013. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at Federal Correctional Institute in Okadale, Louisiana.

On February 12, 2014, this court issued a Memorandum Order [doc. 15] instructing petitioner to amend his deficient petition. He was given (30) days, or until March 12, 2014, to amend his petition. To date, petitioner has not responded to that order.

Furthermore, the above mentioned Memorandum Order was sent to petitioner at his last known address. On February 21, 2014, the Order was returned to the Office of the Clerk of Court with the notation "Return to Sender – Refused – Unable to Forward." Doc. 16.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.

Additionally Local Rule 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Petitioner was directed to amend his complaint to provide additional information and he has failed to comply with the court's February 12, 2014 order.  Petitioner has also failed to keep the court apprised of his correct address.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 2nd day of April, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE